16 A.3d 484

**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Donnetta HILL, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 4, 2010.

Decided March 11, 2011.

Cristi A. Charpentier, Billy Horatio Nolas, Defender Association of Philadelphia, Philadelphia, for Donnetta Hill.

Hugh J. Burns, Philadelphia District Attorney's Office, Amy Zapp, Harrisburg, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## *OPINION*

Chief Justice CASTILLE.

Appellant Donnetta Hill appeals from the Order of the Court of Common Pleas of Philadelphia County, dismissing the guilt-phase claims in her petition brought under the Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.[1] For the reasons that follow, we affirm, but on different grounds.

On April 6, 1992, a jury sitting before the Honorable Marvin R. Halbert of the Court of Common Pleas of Philadelphia County, convicted appellant of two counts of first-degree murder, possession of an instrument of crime, and robbery. The convictions arose from the murders of Nghia Quy Lu and Nairobi Dupont.[2] The same jury returned a sentencing verdict of death on both murder charges, finding that the aggravating circumstances presented by the Commonwealth outweighed the mitigating circumstances proffered by the defense as to each. *See* 42 Pa.C.S. § 9711(c)(1)(iv) ("[T]he verdict must be a sentence of death ... if the jury unanimously finds one or more aggravating circumstances which outweigh any mitigating circumstances."). On March 11, 1993, the trial court denied appellant's post-verdict motions. On that same day, the trial court formally sentenced appellant to death and imposed prison sentences of five to ten years for robbery, and two and one-half to five years for each of the weapons convictions. Throughout these proceedings, appellant was represented by Vincent Lorusso, Esquire.

Represented by new counsel, Lynne Bennett–Hamlin, Esquire, appellant filed a direct appeal in this Court. On direct appeal, this Court unanimously affirmed appellant's convictions and judgments of sentence. *Commonwealth v. Hill,* 666 A.2d at 642.

1. In December of 2005, the PCRA court granted appellant penalty-phase relief. Under *Commonwealth v. Bryant,* 566 Pa. 307, 780 A.2d 646 (2001), a new penalty phase has been deferred pending the disposition of the instant appeal. *Id.* at 648 ("[T]he orderly administration of justice requires that review of the PCRA court's decision denying guilt phase relief should precede the imposition of a new sentence by the trial court."). This Court retains jurisdiction under 42 Pa.C.S. § 9546(d). *Id.* ("[T]he legislature did not require that the sentence of death be actually pending in order for this Court to have jurisdiction [under § 9546(d) ].").

2. The facts underlying appellant's convictions are set forth in detail in *Commonwealth v. Hill,* 542 Pa. 291, 666 A.2d 642 (1995).

On January 11, 1996, the Governor issued a warrant of execution for appellant for the week of February 4, 1996. The Pennsylvania Post–Conviction Defender Organization ("PPDO") undertook appellant's representation. Appellant filed a timely petition for a writ of certiorari with the U.S. Supreme Court. She also filed an application for a stay of execution in this Court, pending certiorari proceedings, which was granted on February 1, 1996. The U.S. Supreme Court denied certiorari on June 3, 1996. *Hill v. Pennsylvania,* 517 U.S. 1235, 116 S.Ct. 1880, 135 L.Ed.2d 175 (1996). On June 26, 1996, the Governor signed a second warrant of execution for appellant. On June 28, 1996, appellant filed a motion for appointment of counsel, asking that the PPDO be appointed to represent her for purposes of seeking a stay of execution and pursuing PCRA relief. On July 8, 1996, the common pleas court appointed appellant's present counsel, Billy H. Nolas, Esquire, then of the PPDO, to represent her.[3] Appellant filed a motion for stay of execution in this Court, which was granted.

On April 17, 1997, appellant filed a timely, counseled PCRA petition, raising 23 claims. The Commonwealth filed a motion to dismiss. On February 19, 1999, appellant filed a supplement to her PCRA petition, raising three additional claims. The Commonwealth supplemented its motion to dismiss on August 24, 1999. The case ultimately was reassigned to the Honorable Willis Berry, Jr. Both the Commonwealth and appellant requested and were granted continuances. On November 30, 2005, appellant filed a second supplement to her PCRA petition.

On December 9, 2005, with the PCRA court, the Commonwealth, and appellant in agreement, the PCRA court granted appellant penalty-phase relief, vacated her sentences of death, and ordered a new penalty hearing.

On March 21, 2006, the Commonwealth moved to dismiss appellant's supplemented PCRA petition. On April 17, 2006,

---

**3.** Lawyers with the PPDO, including Attorney Nolas, were subsequently absorbed by the Defender Association of Philadelphia, Federal Court Division, Capital *Habeas* Unit ("Federal Defender").

appellant supplemented her collateral claim premised upon a defaulted claim of racial discrimination in jury selection brought under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and on June 2, 2006, the Commonwealth filed its response.

The PCRA court held evidentiary hearings on August 8 and 9, 2006. On August 14, 2006, the PCRA court issued an order, dismissing all of appellant's guilt-phase claims, stating that: appellant's collateral *Batson* claim was dismissed following a hearing; the balance of appellant's claims were meritless and dismissed without a hearing; and the court's determination to grant penalty-phase relief remained in full force and effect.

On September 6, 2006, appellant filed a notice of appeal with this Court from the PCRA court's August 14, 2006 order. Apparently, appellant also filed a "Jurisdictional Statement for Petitioner's Appeal of the Denial of a New Trial" ("Jurisdictional Statement") on that same day.[4] In her Jurisdictional Statement, appellant set forth, *inter alia,* 15 guilt-phase claims, subsumed within four broad questions for review. On February 2, 2007, the Commonwealth filed a "Response to Jurisdictional Statement and a Motion for Remand," requesting that this Court reconsider its holding in *Commonwealth v. Bryant,* 780 A.2d at 646, and remand appellant's case to the trial court for an immediate resentencing proceeding. The Commonwealth's Motion for Remand was denied on May 11, 2007.

Meanwhile, on February 9, 2007, the PCRA court issued an order under Pa.R.A.P. 1925(b), directing that appellant file and serve a statement of the matters she intended to raise on appeal within 14 days. The Order directed appellant to file the original with the Court of Common Pleas Appeals Unit, with a copy provided to the PCRA judge and the Common-

4. Under Pa.R.A.P. 909, upon filing a notice of appeal, the appellant must file a jurisdictional statement in the trial court. Under Pa.R.A.P. 910, the jurisdictional statement is to contain a reference to the reports of the opinions of the courts below; a statement of the basis for this Court's jurisdiction; the text of the order in question; a concise statement of the procedural history of the case; and the questions presented for review.

wealth. On February 20, 2007, appellant filed an unopposed motion for a 30–day extension to file her Rule 1925(b) statement. The PCRA court granted appellant's motion, but afforded her more time than requested, ordering that appellant's Rule 1925(b) statement be filed by April 30, 2007. Appellant did not file a Rule 1925(b) statement, as ordered. On September 7, 2007, the PCRA court filed its Rule 1925(a) opinion, setting forth the reasons for its August 14, 2007 order dismissing appellant's guilt-phase claims. In its opinion, the PCRA court noted that appellant was ordered to file a Rule 1925(b) statement, but that no such statement was filed. The court did not address the waiver consequences attending that lapse. The court further noted that the issues thereafter discussed in its opinion were gleaned from appellant's Jurisdictional Statement. Even so, the PCRA court discussed only six of the 15 guilt-phase claims listed in the Jurisdictional Statement, and gave no indication as to why it addressed some, and not all, of the claims listed.

On January 9, 2009, appellant filed her Brief in this Court, providing argument on all but one of the 15 guilt-phase claims listed in her Jurisdictional Statement.[5] On March 29, 2009, the Commonwealth filed a "Motion to Vacate Briefing Schedule, Strike Defendant's Brief, and Hold Counsel *Per Se* Ineffective for Failing to Comply with a Rule 1925(b) Order." In that Motion, the Commonwealth also raised an issue concerning the Federal Defender's funding and participation in state court appeals. This Court denied the Commonwealth's Motion without prejudice to the Commonwealth raising such issues in its appellate brief. The Commonwealth thereafter filed its Brief for Appellee in this Court, again raising procedural issues arising from appellant's failure to comply with Rule 1925(b) and the Federal Defender's participation in state court appeals, and providing substantive responses to appellant's guilt-phase claims. Appellant filed her Reply Brief, challenging the Commonwealth's request that her counsel be

5. Appellant has not pursued her collateral *Batson* claim regarding jury selection.

removed and providing additional argument on the merits of her claims.

We first consider the threshold matter of appellant's failure to file a Rule 1925(b) statement, as ordered by the PCRA court.[6] The Commonwealth asserts that this Court's decisions firmly establish that when an appellant is ordered to file a Rule 1925(b) statement, he or she must comply with Rule 1925(b)'s requirement in order to preserve issues for appeal, and that any appellate issues not raised in a compliant Rule 1925(b) statement will be deemed waived. *See, e.g., Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306, 309 (1998). The Commonwealth also points out that this Court has held that this principle applies in PCRA proceedings, *see Commonwealth v. Butler,* 571 Pa. 441, 812 A.2d 631, 633 (2002), as well as in capital cases. *See Commonwealth v. Wholaver,* 588 Pa. 218, 903 A.2d 1178 (2006). The Commonwealth asserts that appellant's failure to fulfill her Rule 1925(b) obligations led to the PCRA court's incomplete Rule 1925(a) opinion, and in turn, impedes this Court's meaningful review. Relying on *Commonwealth v. Halley,* 582 Pa. 164, 870 A.2d 795 (2005), the Commonwealth contends that appellant's counsel was *per se* ineffective for failing to file and serve a Rule 1925(b) statement, as ordered. *See id.* at 805 ("We hold that the failure to file a Rule 1925(b) statement on behalf of a criminal defendant ... resulting in a waiver of all claims asserted on direct appeal, represents the sort of actual or constructive denial of assistance of counsel ... in which prejudice is legally presumed."). Based on this contention, the Commonwealth invokes the remand procedures currently found in Rule 1925(c), and asks this Court to remove appellant's counsel and remand this case for the appointment of new counsel, who should be directed to comply with the PCRA court's Rule 1925(b) order and enable the PCRA court to write an opinion that addresses all of appellant's issues.[7]

---

**6.** Presently, it is undisputed that appellant did not file and serve upon the PCRA court a Rule 1925(b) statement, as ordered, and thus violated the PCRA court's directive.

**7.** Rule 1925 was extensively amended on May 10, 2007, effective July 27, 2007. The Rule was again amended on January 13, 2009, effective

In addition, the Commonwealth alleges that serious questions concerning the proper use of federal tax dollars are raised by the fact that the Federal Defender is funded by the Administrative Office of Federal Courts, but routinely appears in state court appeals at a time when state and municipal services are being curtailed because of budget shortfalls in the economic recession. In this regard, the Commonwealth asks that this Court exercise its supervisory authority over the practice of law in Pennsylvania and require the Federal Defender to address these concerns before being permitted to proceed in any Pennsylvania appeal.

In response, appellant does not counter the Commonwealth's assertion that her failure to file a Rule 1925(b) statement as ordered results in a waiver of appellate issues under settled jurisprudence interpreting the Rule. Indeed, appellant remarkably does not discuss *Lord* and its progeny at all. Rather, appellant focuses on the Commonwealth's request that, because no Rule 1925(b) statement was filed, her federal counsel should be removed from continuing to represent her in state court. In the context of that rebuttal, appellant contends that counsel's removal is unwarranted because, even though counsel never filed a Rule 1925(b) statement as ordered, counsel's non-record conduct complied with instructions conveyed by the PCRA court's "chambers" in a series of *ex parte* contacts.[8] More specifically, appellant asserts that (1)

as to appeals filed 60 days or more thereafter. The remand procedures now set forth in subsection (c) of the Rule, and relied upon by the Commonwealth, were among the 2007 amendments. Rule 1925(c), as amended in 2007, states in pertinent part:

Rule 1925. Opinion in Support of Order

\* \* \*

(c) Remand.

\* \* \*

(3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.
Pa.R.A.P. 1925(c)(3).

8. We recognize that appellant alleges that the contacts detailed *infra* were initiated by the "chambers" of the PCRA judge, rather than

her counsel, acting off-the-record and without notice to the Commonwealth, provided the PCRA court with two documents that set forth the issues to be complained of on appeal; and (2) the PCRA court's "chambers" informed her counsel, also off-the-record, that these documents gave it sufficient notification of such issues. Based upon these assertions, appellant argues that this Court should find that counsel substantively complied with the PCRA court's Rule 1925(b) orders, and thus, we should not remove counsel.

More specifically, appellant represents that the following *ex parte* contacts transpired between Attorney Nolas and the PCRA court's chambers. At some unspecified point in time after appellant was granted additional time to file her Rule 1925(b) statement, the PCRA court's chambers contacted Nolas. Nolas responded that appellant had filed a Jurisdictional Statement setting forth the issues that appellant intended to raise on appeal.[9] Sometime later, the PCRA court's chambers contacted Nolas again, informing him that the court "had received" the Jurisdictional Statement, and requesting that he forward a list of appellate issues. Nolas then forwarded a document entitled "PCRA Appellate Issues" to the court. In a subsequent telephone contact with Nolas, the PCRA court's

counsel. Accepting the allegation as true, the fact remains that the contacts did not include the Commonwealth (and they were never disclosed to the Commonwealth until this appeal); they concerned an issue subject to argument or dispute; counsel advocated a position which appellant now cites in response to the claim of record waiver; and the contacts appellant describes were conducted *ex parte*.

9. In appeals to this Court, the jurisdictional statement is filed with the prothonotary of the trial court. Pa.R.A.P. 909. Although the statement must contain the questions presented for review, as stated in Rule 910, unlike Rule 1925(b), there is no requirement to serve the trial judge, thus ensuring that the trial court has been apprised of the issues to be raised on appeal. *Id.* Rules 909, 910. Nor is there any suggestion, in the rules governing jurisdictional statements or Rule 1925, that one statement may serve the function of another. In short, the jurisdictional statement is not a substitute for a Rule 1925(b) statement. *See Commonwealth v. Ligons*, 601 Pa. 103, 971 A.2d 1125, 1161 (2009) (Castille, C.J., joined by Eakin and McCaffery, JJ., concurring) (jurisdictional statement did not preserve claims for appeal; claims must be raised in trial court and, when appeal is filed, preserved claims may be winnowed and renewed in Statement of Matters Complained of on Appeal, if trial judge requests such statement).

chambers confirmed receipt of that document and stated that it met the court's off-record request. The PCRA court then sought no additional submission from Nolas before issuing its opinion on September 6, 2007.

Appellant does not suggest that these *ex parte* contacts were ever made known to the Commonwealth; that counsel copied the Commonwealth with the "PCRA Appellate Issues" document; that counsel ever sought to make the "PCRA Appellate Issues" document part of the record; or that appellant ever sought to have the Rule 1925(b) order vacated. Appellant nevertheless claims that, through these *ex parte* contacts, the PCRA court recognized that her issues on appeal were those set forth in her Jurisdictional Statement. Appellant then claims that, to the extent the court did not address all of her issues and this Court's review function is impeded, a remand for the limited purpose of having the PCRA court supplement its opinion to resolve unaddressed claims should be ordered.[10]

Appellant argues, in the alternative, that even if her counsel could be found to have violated Rule 1925(b), such an error does not require removal of the Federal Defender. Appellant notes that counsel was not removed in *Commonwealth v. West,* 883 A.2d 654 (Pa.Super.2005). In that case, the Superior Court found merit in the claim raised by direct appeal counsel, the Defender Association of Philadelphia ("Defender Association"), that it had been *per se* ineffective for failing to file a Rule 1925(b) statement. Appellant notes that the court remanded for the filing of the statement, but left it to the trial court to determine whether to remove the Defender Association based upon counsel's ineffectiveness. Appellant also asserts that the Federal Defender is the counsel of her choice and its removal would be contrary to what she claims is a "right" to taxpayer-financed counsel of her choice. Appellant contends that the Federal Defender has protected her inter-

10. Appellant also posits that a limited remand to the lower court for fact-finding could be ordered, if there is any question as to the *ex parte* events counsel recounts. Given our disposition *infra,* which assumes the accuracy of counsel's extra-record assertions for purposes of decision, we need not remand.

ests and advocated ably on her behalf, and that given its experience and competence in Pennsylvania state death penalty proceedings, it should be permitted to continue to represent her in Pennsylvania courts. Finally, with respect to the Commonwealth's concerns regarding the federal funding sources for the Federal Defender's forays into state court, appellant asserts that the Federal Defender is in full compliance with applicable federal administrative rules and regulations and has a separate source of funding to support its elective excursions into state court. Appellant does not attach or cite those rules and regulations.

We begin with the prior version of Rule 1925(b), for that is controlling here. The Rule then provided, in relevant part:

Rule 1925. Opinion in Support of Order

(a) General rule. Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.

(b) Direction to file statement of matters complained of. The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

\* \* \*

Pa.R.A.P. 1925 (1988).[11]

In several decisions, this Court has addressed the consequences of the appellant's failure to comply with the simple

11. As noted, Rule 1925(b) was amended in May 2007, effective on July 27, 2007, and again, on January 13, 2009, effective 60 days thereafter. This appeal was filed on September 6, 2006, and the court's Rule 1925(b) orders were entered prior to the 2007 and 2009 amendments. Thus, the 1988 version of the Rule, in effect on September 6, 2006,

requirements Rule 1925(b) imposes when the trial court directs the filing of a statement of matters complained of on appeal. First, in *Lord*, we considered whether an appellate court was authorized to deem an issue waived under Rule 1925(b), for not being raised in a Rule 1925(b) statement, in light of changes made to post-sentence motion practice. At the time *Lord* was decided, the lower courts had apparently concluded that certain amendments made to Pa.R.Crim.P. 1410, governing post-sentencing motions, had relieved appellants in criminal cases of the obligation to set forth all of their appellate issues in Rule 1925(b) statements, when so ordered, as long as the issues not raised could be effectively reviewed from the record. This Court, however, determined otherwise, concluding that the requirements of Rule 1925(b) are mandatory and that changes to Criminal Rule 1410 had in no way modified Appellate Rule 1925(b)'s operation. Recognizing the uncertainty arising from Rule 1410, we made our clear waiver holding prospective: "[F]rom this date forward, in order to preserve their claims for appellate review, Appellants **must comply** whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. **Any issues not raised in a 1925(b) statement will be deemed waived.**" 719 A.2d at 309 (emphasis added).

Three years later, in *Butler*, a non-capital PCRA appeal involving a first-degree murder conviction, we reviewed and upheld the Superior Court's order dismissing the defendant's appellate issues as waived because of his failure to file a Rule 1925(b) statement, as ordered. We so held notwithstanding that the PCRA court had issued a Rule 1925(a) opinion addressing the claims the appellant had set forth in his PCRA petition. We reaffirmed that our decision in *Lord* "eliminated any discretion [in the lower courts] and established a bright-line rule for waiver under Rule 1925(b)[.]" 812 A.2d at 633.

controls. *See Commonwealth v. Gravely*, 601 Pa. 68, 970 A.2d 1137, 1140 (2009); *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 211 n. 8 (Pa.Super.2008).

In this Opinion, references to "Rule 1925" or the "Rule" are to the Rule's 1988 controlling version; references to "Rule 1925, as amended" or "amended Rule 1925" are to later versions of the Rule.

To emphasize the mandatory nature of the Rule, we made clear that even a finding that meaningful review could be conducted would not prevent application of the Rule's waiver provision. We also made clear that our holding in *Lord* regarding the mandatory obligations that Rule 1925(b) imposes applies in PCRA appeals, notwithstanding the recitation of issues within a PCRA petition. *Id.* at 633–34. Concluding that selective enforcement of Rule 1925(b)'s terms based on whether the appellee advocated waiver would subvert the Rule's purpose and effectiveness, we described waiver under the Rule as "automatic," and instructed that waiver for failure to comply with the Rule may be raised by an appellate court *sua sponte. Id.* at 634. Finally, in view of Rule 1925(b)'s plain language, which required appellants to " 'file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal[,]' " we rejected the argument that waiver of appellate issues was not the appropriate result, even if the defendant, as he alleged, had provided an unverified Rule 1925(b) statement to the PCRA court. *Id.* (quoting Pa.R.A.P. 1925(b)).

Following *Lord* and *Butler,* and despite their respective holdings, it appeared that the trial and intermediate appellate courts continued to engage in merits review of issues raised in untimely or otherwise procedurally noncompliant Rule 1925(b) statements. *See Gravely,* 970 A.2d at 1141. Therefore, in *Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775 (2005), and its companion case, *Commonwealth v. Schofield,* 585 Pa. 389, 888 A.2d 771 (2005), we granted allocatur to reconsider our decisions in *Lord* and *Butler* as to whether the lower courts should have the discretion to review an issue that was not raised in a timely and properly filed Rule 1925(b) statement. *Commonwealth v. Castillo,* 580 Pa. 3, 858 A.2d 1156 (2004); *Commonwealth v. Schofield,* 580 Pa. 4, 858 A.2d 1157 (2004).

In *Castillo,* the appellant did not file his Rule 1925(b) statement within 14 days of the trial court's order, as Rule 1925(b) required, but filed it approximately 50 days thereafter. Nonetheless, the Superior Court did not deem the appellant's

appellate issue waived, relying on the fact that the trial court had addressed the issue in its Rule 1925(a) opinion and determined that he was entitled to a new trial. This Court, however, reversed, based on waiver. *Castillo,* 888 A.2d at 780. Noting the inconsistent application of Rule 1925(b)'s waiver provision and uneven treatment of similarly situated litigants that had prevailed in the lower courts prior to our decisions in *Lord* and *Butler,* we reaffirmed those decisions. We repeated that " 'in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.' " *Id.* (quoting *Lord,* 719 A.2d at 309). Further, to emphasize the point that the intermediate appellate courts do not have the discretion to countenance deviations from the Rule's requirements, we expressly voiced our disapproval of lower court decisions that had created exceptions to the Rule's bright-line nature. *Id.* (disapproving of, *inter alia, Commonwealth v. Alsop,* 799 A.2d 129 (Pa.Super.2002), which had permitted merits review of issues raised in untimely Rule 1925(b) statement because trial court discussed issues in Rule 1925(a) opinion). In addition, we specifically declined to involve the trial courts in supervising compliance with the obligations Rule 1925(b) imposes, placing the burden of seeing to it that the Rule is followed upon litigants and their counsel. *Id.* at 779 n. 5. *See also Schofield,* 888 A.2d at 774 (reasserting holdings in *Lord, Butler,* and *Castillo* that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised[,]" even where granting relief had equitable appeal).

Subsequently, in *Wholaver,* a capital direct appeal, the appellant failed to file a Rule 1925(b) statement as directed by the trial court. Observing that we had recently reaffirmed *Lord's* strict waiver rule in *Castillo* and *Schofield,* this Court rejected the appellant's argument that waiver should not apply, since all of his claims were addressed by the trial court in its Rule 1925(a) opinion or in other dispositive rulings. We

concluded that all of the issues the appellant sought to assert, other than those subject to automatic statutory review upon a direct capital appeal, must be deemed waived. *Id.* at 1184. Applying our reasoning in *Castillo, Schofield,* and *Butler* for reaffirming Rule 1925(b)'s bright-line rule, we also rejected the Commonwealth's request to withdraw its objection to merits review to certain issues, a request the Commonwealth forwarded out of a concern that the application of Rule 1925(b)'s waiver provision would cause it to suffer some later detriment in federal *habeas corpus* proceedings. We stated: "Notably, the *Castillo* and *Schofield* majority strongly emphasized the bright-line character of *Lord's* strict waiver rule, which it justified by an overarching concern for uniformity and certainty of result in the event of a failure to comply. Further, the Court has otherwise indicated that the strict waiver rule should not be 'selectively enforced ... based on the arguments of the parties.'" *Id.* (quoting *Butler,* 812 A.2d at 634) (citations omitted).

Finally, in *Gravely,* this Court considered whether the Superior Court correctly determined that a Rule 1925(b) statement, not filed on the day the trial court had ordered, but some six weeks later, was untimely, even though the appellant asked for and received an oral extension of time from the trial court within which to file his statement and confirmed the request by letters that were entered on the docket and made part of the certified record. We concluded that the Superior Court erred, in light of the appellant's efforts to preserve his appellate rights, the lack of clarity in the Rule itself as to the proper method of securing an extension of time for filing, and the record, which showed that the trial court and the appellant took steps to satisfy Rule 1925(b)'s mandatory requirements. We stated:

Appellant moved swiftly to preserve his right to raise issues on appeal. His actions demonstrated the kind of "proactive" conduct this Court noted with approval in *Castillo.* Although Appellant's request for an extension was made orally (as was the trial court's grant of the extension), both the request and the grant were accomplished within [Rule

1925(b)'s] 14–day time limit. Further, Appellant confirmed those facts in a letter, which he promptly filed with the court, also within the 14–day time limit. At the time of these events, the law was clear that appellants were required to file timely Statements, but there was no specific method set out in the Rule directing the manner in which an extension could be sought or should be granted. In fact, this Court had not yet handed down its decision in *Castillo.* Nonetheless, the record reflects that both Appellant and the trial court took steps to comply with *Lord* and its clear mandate that the terms of Rule 1925(b) were mandatory. Because the record establishes that Appellant acted promptly and proactively to preserve his rights *on the record,* and because the trial court approved counsel's actions and granted counsel's request for an extension of time, we cannot sustain the Superior Court's finding of waiver.

970 A.2d at 1144 (emphasis in original) (footnotes omitted).

■ With these decisions and principles in mind, there can be no question that all of appellant's issues are waived due to her failure to file and serve a Rule 1925(b) statement, as ordered.[12] For purposes of applying settled law under Rule 1925, we will assume the accuracy of appellant's extra-record representations of the *ex parte* contacts occurring after appellant had secured an extension of time to file the statement. These assertions neither negate nor excuse the failure to comply with the court's Rule 1925(b) order. In *Gravely,* a Rule 1925(b) statement was, in fact, filed, and there was record support for the asserted court approval of an oral request for an extension of time to file the Statement. Here, in contrast, no statement was ever filed and none of the *ex parte* contacts counsel describes, or their supposed effect, was memorialized on the record. Moreover, no action was requested, or taken, to vacate or negate the existing orders under Rule 1925. Neither the Rule 909 Jurisdictional Statement nor the non-record list of "PCRA Appellate Issues"

12. Unlike on a direct capital appeal, such as *Wholaver,* there are no statutory issues that must be reached on capital PCRA appeals, regardless of waiver.

counsel says he forwarded to the court informally, without notice to the Commonwealth, satisfy either the court's Rule 1925(b) orders or the simple requirements of the Rule. All counsel had to do was file the statement.

 Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte,* and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule.[13] We yet again repeat the principle first stated in *Lord* that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." 719 A.2d at 309.

 The contrary disposition the Commonwealth seeks in these circumstances—the removal of appellant's counsel and the remand of this case for the appointment of new counsel and the filing of a Rule 1925(b) statement and a supplemental Rule 1925(a) opinion—simply cannot be granted under our settled jurisprudence. Notably, we rejected a similar request by the appellee to overlook a Rule 1925(b) failure in *Wholaver,*

---

13. This Court's most recent Rule 1925(b) case, *Berg v. Nationwide Mut. Ins. Co.,* 6 A.3d 1002 (Pa.2010) (Opinion Announcing Judgment of the Court), does not alter this paradigm. *Berg* concerned whether the appellants fulfilled the service requirements of Rule 1925(b), in a context involving the effect, if any, of the fact that the trial court's order to file and serve a Rule 1925(b) statement itself did not comply with Rule 1925. The Court's majority mandate was that, under the circumstances presented, the Rule's waiver provision should not apply.

and, indeed, we recognized as long ago as in *Butler* that Rule 1925(b) waivers may be raised by the appellate court *sua sponte.* Moreover, in considering the Commonwealth's request to recalibrate our Rule 1925(b) jurisprudence, we are mindful of the significant potential for resulting mischief in capital cases. Delay can be an end in itself for some capital defendants. *See, e.g., Commonwealth v. Sam,* 597 Pa. 523, 952 A.2d 565, 577 (2008), *cert. denied,* —— U.S. ——, 130 S.Ct. 50, 175 L.Ed.2d 42 (2009). Manufacturing the requested exception would serve as an invitation to delay-minded counsel to deliberately flout the Rule, knowing that it would trigger the time-consuming process of remand, appointment of new counsel, filing a Rule 1925(b) statement, and preparation of a lower court opinion.

Nor are we persuaded by the specific argument forwarded by the Commonwealth here. The Commonwealth's request is premised on the remand procedure added to Rule 1925 in 2007, specifically the procedure now set forth in subsection (c)(3) of the Rule, as amended. But, as noted, amended Rule 1925 does not apply in this appeal; it is the 1988 version of Rule 1925(b) that controls. The 1988 version of Rule 1925 does not include the remand procedure the Commonwealth cites. And, equally problematic is the fact that a retroactive application of amended Rule 1925—as the amendment is interpreted by the Commonwealth [14]—to the present case would effectively require us to overrule *Lord* and our repeated reaffirmation of the Rule's strict waiver provision in the line of cases deriving from *Lord.* We have not been asked to do so— by either party—and given this Court's repeated reaffirmation

14. We need not determine whether the circumstances presented would satisfy the terms of amended Rule 1925(c)(3), if the amendment applied. We note, however, that the amendment speaks of remand only in "criminal cases." Technically, the PCRA is civil in nature. *See Commonwealth v. Haag,* 570 Pa. 289, 809 A.2d 271, 284 (2002) ("The PCRA system is not part of the criminal proceeding itself, but civil in nature.") (citing *Pennsylvania v. Finley,* 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)). Moreover, according to the Note to the amended Rule, amended subsection (c)(3) is intended to codify the procedure the Superior Court devised in *Commonwealth v. West, supra,* which was neither a Rule 1925(b) case nor a PCRA appeal. *See* discussion in text, *infra.*

of this line of cases, we will not reconsider the cases of our own accord. Since the Commonwealth's argument concerning the applicability of amended Rule 1925(c) lacks merit, and that argument is the predicate for the Commonwealth's further request that we remove counsel to allow for new counsel to file a Rule 1925(b) statement upon a remand, we need not pass upon the request to remove counsel.

Of course, the *West* case, which appellant cites in support of her claim that counsel should not be replaced, itself existed before Rule 1925 was amended, and indeed was the occasion for the 2007 amendment. But, *West* does not support remanding this PCRA appeal to allow for the filing of a proper Rule 1925(b) statement, whether by present counsel or new counsel.[15] In *West*, the appellant, represented by the Defender

15. The Note to amended Rule 1925(c) makes clear that subsection (c)(3) codifies the procedure in *West*. The Note provides:

*Paragraph (c)(3)* This paragraph allows an appellate court to remand in criminal cases only when the appellant has completely failed to respond to an order to file a Statement. It is thus narrower than (c)(2), above. Prior to these amendments of this rule, the appeal was quashed if no timely Statement was filed or served; however, because the failure to file and serve a timely Statement is a failure to perfect the appeal, it is presumptively prejudicial and "clear" ineffectiveness. *See, e.g., Commonwealth v. Halley*, 582 Pa. 164, 172, 870 A.2d 795, 801 (2005); *Commonwealth v. West*, 883 A.2d 654, 657 (Pa.Super.2005). Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and per se, the court in *West* recognized that the more effective way to resolve such per se ineffectiveness is to remand for the filing of a Statement and opinion. *See West*, 883 A.2d at 657. The procedure set forth in *West* is codified in paragraph (c)(3). As the *West* court recognized, this rationale does not apply when waiver occurs due to the improper filing of a Statement. In such circumstances, relief may occur only through the post-conviction relief process and only upon demonstration by the appellant that, but for the deficiency of counsel, it was reasonably probable that the appeal would have been successful. An appellant must be able to identify per se ineffectiveness to secure a remand under this section, and any appellant who is able to demonstrate per se ineffectiveness is entitled to a remand. Accordingly, this paragraph does not raise the concerns addressed in *Johnson v. Mississippi*, 486 U.S. 578, 588–89, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988) (observing that where a rule has not been consistently or regularly applied, it is not—under federal law—an adequate and independent state ground for affirming petitioner's conviction.)

Association, appealed from his judgment of sentence of life imprisonment for first-degree murder. The trial court ordered the filing of a Rule 1925(b) statement. After filing a "preliminary" Rule 1925(b) statement, which set forth no appellate issues, the appellant requested and apparently was granted an extension of time, measured 14 days from the receipt of all transcripts, to file his substantive Rule 1925(b) statement. The notes of testimony were made available, but no Rule 1925(b) statement was ever filed. The trial court issued a Rule 1925(a) opinion, noting that it had not been made aware of any appellate issues, and then adding that the evidence was sufficient to support the first-degree murder verdict and that no errors of law had occurred at trial to justify the grant of a new trial. The appellant, still represented by the Defender Association, raised two issues on appeal. The first challenged the sufficiency of the evidence for first-degree murder and the second comprised the Defender Association's self-accusation of ineffective assistance of counsel, *i.e.*, the Association alleged that it was ineffective for failing to file a final Rule 1925(b) statement.

Turning to the ineffectiveness claim first, the Superior Court concluded that all of the appellant's appellate issues were waived under *Lord* due to counsel's failure to file a Rule 1925(b) statement; counsel's lapse was an actual or constructive denial of counsel, meaning, for purposes of ineffectiveness analysis, prejudice was to be presumed under *Halley*; and the ineffectiveness claim could and should be more efficiently addressed on direct appeal rather than be deferred to the collateral review stage under *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726, 738 & n. 14 (2002), merely to have the direct appeal reinstated *nunc pro tunc*. By way of relief, the Superior Court remanded the case to the trial court for the filing of a Rule 1925(b) statement and a supplemental Rule 1925(a) opinion, and left the decision of appointing new counsel to the trial court. *West*, 883 A.2d at 658.

The remand procedure that the *West* case established for Superior Court direct criminal appeals was aimed at devising

Note to Rule 1925, as amended.

a more efficient way to implement *Halley's* restoration of direct appeal rights remedy to a defendant who established a *per se* claim of ineffectiveness for counsel's failure to comply with Rule 1925(b) on direct appeal. *West* attempted to promote judicial economy in cases where it is apparent that PCRA relief in the form of restoration of direct appeal rights would be a foregone conclusion. As the Note to amended Rule 1925(c) aptly describes *West:* "Direct appeal rights have typically been restored through a post-conviction relief process, but when the ineffectiveness is apparent and per se, the court in *West* recognized that the more effective way to resolve such per se ineffectiveness is to remand for the filing of a Statement and opinion."

Neither *West,* nor the 2007 *West*-inspired amendment to Rule 1925 for that matter, supplanted this Court's Rule 1925(b) waiver jurisprudence. *West* adopted efficiencies in the direct appeal context, involving an issue frequently arising in Superior Court, and bottomed in existing, remedial caselaw. By contrast, this case is an appeal from an order denying collateral relief. The decisional law makes clear that Rule 1925 defaults by counsel on direct appeal may be litigated and remedied under the guise of ineffectiveness of counsel at the PCRA stage; *West* merely accelerates the remedy. But, there is, as yet, no decisional law holding that Rule 1925 defaults by counsel at the PCRA appeal stage are available, and remediable, via a serial PCRA petition. Thus, a *West*-type procedure here would not amount to an efficiency adopted in furtherance of judicial economy, premised upon decisional law making clear that the same remedy would eventually result on collateral attack. There is no obviously available future and collateral remedy that may properly and efficiently be advanced. Rather, adopting a *West*-type procedure on collateral appeals would amount to assuming that this Court would hold, in a case or cases presenting the issues, that (1) this sort of default is cognizable under the PCRA's serial petition and time-bar restrictions; and (2) that holding, should it materialize, warrants adopting an efficiency on a first PCRA appeal that would eliminate the necessity to proceed via a

serial PCRA petition.[16] Accordingly, *West* affords no basis upon which to render a non-waiver holding.[17]

For the foregoing reasons, we affirm the order of the PCRA court, dismissing the guilt-phase claims in appellant's PCRA petition, but on different grounds. We affirm the order of the PCRA court based on waiver under Rule 1925(b).[18]

Justices EAKIN, BAER, McCAFFERY, and ORIE MELVIN join the opinion.

Justice SAYLOR files a dissenting opinion in which Justice TODD joins.

Justice SAYLOR, dissenting.

I supported the rule of substantial compliance advanced in the lead opinion in *Berg v. Nationwide Mutual Insurance Co.*,

16. We note that, in the distinct context of a serial PCRA petition, this Court has recognized the potential cognizability of a claim of ineffective assistance of counsel premised upon counsel abandonment. *See Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007) (involving failure to file brief on PCRA appeal which, under practice since eliminated by Superior Court, resulted in dismissal of appeal; claim deemed sufficient to warrant remand for consideration under exception to PCRA time-bar set forth in 42 Pa.C.S. § 9545(b)(1)(ii) (governing previously unknown facts)).

17. We reiterate that this appeal is also unlike *West* because it is the Commonwealth, not appellant, who asserts that appellant's counsel was ineffective for failing to file a Rule 1925(b) statement, as ordered. Indeed, appellant refutes the Commonwealth's allegations, asserting that counsel's non-record conduct amounted to alternative compliance with the purpose of the Rule, an assertion that fails to acknowledge or discuss *Lord* and this Court's ensuing Rule 1925(b) jurisprudence.

Furthermore, we note that even if appellant had raised present counsel's ineffectiveness for failing to file a Rule 1925(b) statement, as West did, such a claim would not be cognizable in this collateral direct appeal under recent decisions of this Court. *See Commonwealth v. Colavita*, 993 A.2d 874, 893 n. 12 (Pa.2010); ("Claims of PCRA counsel ineffectiveness may not be raised for the first time at the direct appeal level...."); *Commonwealth v. Pitts*, 603 Pa. 1, 981 A.2d 875, 880 n. 4 (2009).

18. We have determined that this appeal is not the proper vehicle for consideration of the Commonwealth's request that this Court exercise its power to supervise the conduct of attorneys with regard to the Federal Defender's proper use of federal tax dollars in state court litigation. We perceive no relationship between that issue, as articulated by the Commonwealth, and the appellate issues before us.

607 Pa. 341, 6 A.3d 1002 (2010) (opinion announcing the judgment of the Court), because I believed it was consistent with my previous expressions in the Rule 1925 arena, the direction the Court had taken in recent amendments to the rule, and the original design of the Rules of Appellate Procedure incorporating liberal construction to secure the just and timely resolution of legal controversies under Rule 105(a). *See id.* at 361, 6 A.3d at 1014 (Saylor, J., concurring and dissenting). Similarly, I favor a limited remand here, as proposed by Appellant as an alternative, to determine whether there was substantial compliance with the PCRA court's instructions. *See* Reply Brief for Appellant at 2.

I find the decision in *Commonwealth v. Wholaver*, 588 Pa. 218, 903 A.2d 1178 (2006), to be distinguishable, since, as the Court highlighted there, reinstatement of direct-appeal rights was available to remedy derelictions of counsel. *See id.* at 228–29, 903 A.2d at 1184–85.[1] As the majority suggests, reinstatement of claims no longer appears to be available, however, in the post-conviction setting. *See Commonwealth v. Pitts*, 603 Pa. 1, 9–10 n. 4, 981 A.2d 875, 880 n. 4 (2009).

I fully appreciate the majority's concerns with *ex parte* contacts and tactical behavior on the part of litigants, as well as with consistency in the administration of justice. Nevertheless, particularly given that the Court now strongly discourages the presentation of constitutional claims of deficient stewardship at the direct-appeal stage, *see Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), it is my position that the availability of one round of post-conviction review should not be impaired by rules of literal compliance. Thus, at least in light of the ongoing developments in this area—including the apparent curtailment of an enforcement mechanism to assure the evenhanded enforcement of a capital post-conviction petitioner's rule-based right to assistance of counsel and the concomitant requirement of effective stewardship—I am

1. Indeed, such relief was subsequently afforded to Wholaver. *See Commonwealth v. Wholaver*, 605 Pa. 325, 336–40, 989 A.2d 883, 890–91 (2010).

434

unable to support the rigid application of *Lord's* bright-line rule in the present setting.

Justice TODD joins this dissenting opinion.