J-A30026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH F. RAYNOCK, JR. | |
| Appellant | No. 3279 EDA 2013 |

Appeal from the Judgment of Sentence November 1, 2013
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-SA-0000676-2013

BEFORE:  LAZARUS, J., MUNDY, J., and PLATT, J.[*]

JUDGMENT ORDER BY MUNDY, J.:          **FILED OCTOBER 06, 2014**

Appellant, Joseph F. Raynock, Jr., appeals *pro se* from the November 1, 2013 judgment of sentence of a $300.00 fine, imposed after he was found guilty of one count of violations of rules regarding conduct on Commonwealth property.[1]  After careful review, we affirm.

On December 2, 2013, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), within 21 days.  The trial court's docket indicates it mailed Appellant a copy of the order the same day; therefore, Appellant's Rule 1925(b) statement was due

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 7506(a).

on December 23, 2013. Appellant filed his Rule 1925(b) statement on December 30, 2013.[2]

By its plain text, Rule 1925(b) requires every "[a]ppellant [to] file of record [a Rule 1925(b)] Statement and concurrently [] serve the judge" when directed to do so. Pa.R.A.P. 1925(b)(1). The Rule also states "that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived." *Id.* at 1925(b)(3)(iv). Our Supreme Court has held that Rule 1925(b) is a bright-line rule. *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011).

As noted above, the trial court's order required that Appellant file his Rule 1925(b) statement no later than December 23, 2013. Appellant filed his statement on December 30, 2013. As Appellant's Rule 1925(b) statement was filed a week late, following our Supreme Court's instructions in *Hill*, we deem all of Appellant's issues on appeal waived.[3] *See id.*

_____

[2] In addition to being stamped as filed on December 30, 2013 in the trial court, we also note that Appellant's Rule 1925(b) statement was dated December 30, 2013.

[3] Even if Appellant's Rule 1925(b) statement was timely filed, we would still be required to find waiver. In his brief, Appellant raises two separate issues. First, Appellant argues that he did not receive notice of his summary trial date. Appellant's Brief at 15. Second, Appellant argues the trial court's docketing of the notice he was sent did not comply with Pennsylvania Rule of Criminal Procedure 114. *Id.* at 19. Neither of these issues were raised in his Rule 1925(b) statement. Therefore, we would deem these issues waived. *See Hill*, *supra*; *accord* Pa.R.A.P. 1925(b)(4)(vii) (stating,
*(Footnote Continued Next Page)*

Based on the foregoing, we conclude that both of Appellant's issues are waived for failure to timely file his Rule 1925(b) statement. Accordingly, the trial court's November 1, 2013 judgment of sentence is affirmed.

Judgment of sentence affirmed. Case stricken from argument list.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: _10/6/2014_

---

*(Footnote Continued)* ————————

"[i]ssues not included in the Statement and/or not raised in accordance with the provisions of [Rule 1925](b)(4) are waived[]").