J-S39043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES FRAZIER, | : | |
| | : | |
| Appellant | : | No. 3555 EDA 2013 |

Appeal from the Judgment of Sentence entered on December 13, 2013
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0010069-2012;
CP-51-CR-0010070-2012

BEFORE:  BOWES, OTT and MUSMANNO, JJ.

JUDGEMENT ORDER BY MUSMANNO, J.:  **FILED JULY 10, 2015**

James Frazier ("Frazier") appeals from the judgment of sentence imposed following his convictions of two counts of third degree murder, and one count each of conspiracy and retaliation against a witness.  **See** 18 Pa.C.S.A. §§ 2502(c), 903(c), 4953(a).  We affirm.

On September 13, 2013, a jury found Frazier guilty of the above-mentioned charges rising out of the murders of Rodney Ramseur, Jr. and Latia Jones.  The trial court sentenced Frazier to life in prison as required by Pennsylvania law.[1]  Frazier filed a timely Notice of Appeal and a court ordered Concise Statement of Matters Complained of on Appeal.

---

[1] **See** 42 Pa.C.S.A. § 9715(a) (stating that any person convicted of third degree murder who has previously been convicted at any time of murder shall be sentenced to life in prison).

In his 1925(b) Concise Statement of Matters Complained of on Appeal, Frazier raises the following questions for our review:

> 1. [Whether] the [trial c]ourt erred in allowing the Commonwealth to elicit from its witness specific facts about a narcotics arrest for which[,] as of the date of the trial[, Frazier] had not been convicted[?]

> 2. [Whether] the [trial c]ourt erred in allowing the Commonwealth to provide to the jury, during its closing argument, statements of law with respect to the Commonwealth's ability (or lack thereof) to have arrested other individuals involved in the offense who were identified by [Frazier] in his confession[?]

Concise Statement, 4/29/14.

In his brief, Frazier argues that the evidence was not sufficient to sustain his convictions, and the trial court erred in failing to either grant a mistrial or replace jurors when members of the jury observed an argument between Frazier's half-brother and one of the victim's father. *See* Brief for Appellant at 8, 17-24. Frazier did not raise these issues in his Rule 1925(b) Concise Statement. *See* Concise Statement, 4/29/14; *see also* Trial Court Opinion, 9/2/14, at 3-7 (wherein the trial court addressed the claims raised in the Concise Statement). Therefore, Frazier's claims are waived on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating that "issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"); *see also Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (stating that "any issues not raised in a Rule 1925(b) statement will be deemed waived").

- 2 -

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015