J-S35006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LYNELL LEE | |
| Appellant | No. 1878 EDA 2014 |

Appeal from the Judgment of Sentence June 5, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0700791-2005

BEFORE: MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 21, 2015**

Appellant, Lynell Lee, appeals from the June 5, 2014 judgment of sentence of three to six years' imprisonment imposed following the revocation of his probation. After careful review, we affirm.

On August 9, 2005, Appellant pled guilty to burglary,[1] pursuant to a negotiated plea agreement, and the trial court sentenced him to 11½ to 23 months' imprisonment, followed by one year of reporting probation, with immediate parole to a drug treatment facility, once a bed became available. N.T., 8/9/05, at 10. On January 22, 2009, Appellant appeared before the trial court for a violation of probation hearing and was found to be in direct

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3502.

violation of probation. The trial court revoked his probation and resentenced him to two to four years' imprisonment, followed by six years' probation, concurrent to any other sentence Appellant was then serving. Trial Court Order, 1/22/09. On February 18, 2014, the trial court, following a violation of probation hearing, found Appellant had committed technical violations of his probation, but the trial court continued Appellant's probation. Trial Court Order, 2/18/14. On June 5, 2014, Appellant again appeared before the trial court for a hearing for alleged violations of his probation. The trial court found Appellant was in technical violation of his probation, revoked probation, and resentenced Appellant to three to six years' imprisonment.

Appellant filed a timely notice of appeal on July 2, 2014. The trial court ordered Appellant to file a statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) on August 11, 2014, and Appellant complied. The trial court filed a responsive opinion pursuant to Rule 1925(a) on October 1, 2014.[2] Appellant's Rule 1925(b) statement advances the following sole claim of error.

> The trial court's sentence was excessively harsh and an abuse of discretion for a violation of probation where it failed to consider all the sentencing factors

---

[2] We note the trial court found Appellant's 1925(b) statement was one day late. Trial Court Opinion, 10/1/14, at 4 n.1. However, the trial court granted Appellant an extension of 21 days to file the statement on August 29, 2014. Trial Court Order, 8/29/14. On September 19, 2014, Appellant timely complied. Thus, his statement was timely.

> on the record and was excessive in light of the violation and the [Appellant's] mitigating evidence.

Appellant's Rule 1925(b) Statement, 9/19/14.

On appeal, Appellant seeks review of the following two issues.

> 1. Whether the [trial court] [e]rred in [f]inding [Appellant] in [v]iolation of [h]is [p]robation/[p]arole?
>
> 2. Whether the [trial court] abused its discretion and imposed an excessive sentence without giving weight to [Appellant's] mitigating evidence?

Appellant's Brief at 3.

By its plain text, Rule 1925(b) requires that statements "identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). The Rule also requires that "[e]ach error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court …." *Id.* at 1925(b)(4)(v). Finally, any issues not raised in accordance with Rule 1925(b)(4) will be deemed waived. *Id.* at 1925(b)(4)(vii). Our Supreme Court has held that Rule 1925(b) is a bright-line rule, and "any issues not raised in a Rule 1925(b) statement will be deemed waived." *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011); *accord* Pa.R.A.P. 1925(b)(4)(vii). Instantly, Appellant has failed to include his first issue on appeal in his 1925(b) statement. *See* Appellant's Rule 1925(b) Statement, 9/19/14. Accordingly, the issue is waived.

In his second issue, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 9.

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal. [Therefore, b]efore we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Upon review of the record, we conclude Appellant has failed to preserve his claim. Appellant did not object to his sentence at the sentencing hearing, nor did Appellant file a post-sentence motion. Therefore, Appellant has waived the issue for failure to raise it in the trial court. *See* Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Further, Appellant failed to include a statement pursuant to Pennsylvania Rule of Appellate Procedure 2119(f) in his brief, and the Commonwealth has noted

its objection to its absence. Commonwealth Brief at 9. "If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim." *Commonwealth v. Karns*, 50 A.3d 158, 166 (Pa. Super. 2012) (citation omitted), *appeal denied*, 65 A.3d 413 (Pa. 2013).

Based on the foregoing, we conclude Appellant has waived all of his challenges on appeal, and we affirm the June 5, 2014 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015