J-S92010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARKEL JOVAN HALL, | |
| Appellant | No. 326 WDA 2016 |

Appeal from the Judgment of Sentence February 3, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000864-2015

BEFORE:  SHOGAN, MOULTON, and STRASSBURGER,[*] JJ.

JUDGMENT ORDER BY SHOGAN, J.:          **FILED DECEMBER 22, 2016**

Mark Jovan Hall ("Appellant") appeals *pro se* the judgment of sentence imposed after a jury convicted him of criminal conspiracy, robbery, burglary, theft by unlawful taking or disposition, receiving stolen property, simple assault, and criminal trespass.  The trial court concluded that Appellant's issues were waived because he did not file a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant alleges that he did not receive notice of the Rule 1925 order.

It is well established that failure to file a Rule 1925(b) statement when ordered to do so by a trial court will result in waiver of all issues on appeal. ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011); Pa.R.A.P.

_____

[*]  Retired Senior Judge assigned to the Superior Court.

1925(b)(4)(vii). Before waiver will be found, however, the trial court must have satisfied four requirements:

> First, the trial court must issue a Rule 1925(b) order directing an Appellant to file a response within [21] days of the order. Second, the Rule 1925(b) order must be filed with the prothonotary. Third, the prothonotary must docket the Rule 1925(b) order and record in the docket the date it was made. Fourth, the prothonotary shall give written notice of the entry of the order to each party's attorney of record, and it shall be recorded in the docket the giving of notice. *See* Pa. R.C.P. 236. **If any of the procedural steps set forth above are not complied with, Appellant's failure to act in accordance with Rule 1925(b) will not result in a waiver of the issues sought to be reviewed on appeal.**

*Commonwealth v. Hooks*, 921 A.2d 1199, 1202 (Pa. Super. 2007) (emphasis supplied).

Our review of the record indicates that the trial court met the first three waiver requirements. However, the docket does not indicate that "the prothonotary [gave] written notice of the entry of the order to each party's attorney of record, **and . . . recorded in the docket the giving of notice**." *Hooks*, 921 A.2d at 1202 (emphasis supplied). Therefore, the trial court's finding of waiver was error. *Id.*

Accordingly, we remand this matter to the trial court for re-entry and proper notice of a Rule 1925(b) order. Upon receipt of the notice, Appellant shall have twenty-one days to file a Pa.R.A.P. 1925(b) statement, and the trial court shall have thirty days thereafter to comply with Pa.R.A.P. 1925(a).

Case remanded with instructions. Panel jurisdiction retained.