J-A16028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRADLEY SCOTT HERB | |
| Appellant | No. 1733 MDA 2019 |

Appeal from the PCRA Order entered September 16, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0003986-2011

BEFORE:  PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 09, 2020**

Appellant, Bradley Scott Herb, appeals *pro se* from the September 16, 2019 order entered in the Court of Common Pleas of Dauphin County denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  Upon review, we affirm.

A review of the record reveals that on April 8, 2013, Appellant entered into a negotiated plea agreement to charges of aggravated assault and related crimes.  He was sentenced to an aggregate term of ten to twenty years in prison. He did not file post-sentence motions or a direct appeal.

On August 5, 2016, Appellant filed his first PCRA petition.  Counsel was appointed and subsequently filed a motion to withdraw, which the PCRA granted.  The PCRA court dismissed the petition on December 6, 2016, concluding the petition was untimely and Appellant failed to prove any

exception to the PCRA's timeliness provisions. Therefore, the PCRA court lacked jurisdiction to consider the merits of the petition. On appeal, we affirmed. *Commonwealth v. Herb*, 18 MDA 2017 (Pa. Super. filed July 27, 2018).

Appellant filed the instant pro se PCRA petition on January 10, 2019. Counsel was again appointed but was later granted leave to withdraw. On September 16, 2019, the PCRA court dismissed the petition as untimely, noting Appellant filed the petition nearly five years after his judgment of sentence was final and failed to prove any exception to the PCRA's timeliness requirements. This timely pro se appeal followed.

On October 21, 2019, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal within 21 days of the court's order. The court's order advised Appellant that his "failure to comply with this order may be considered a waiver of all objections, rulings or other matters complained of." *Id.* at 1 (citing Pa.R.A.P. 1925(b)).

On November 8, 2019, Appellant requested a 30-day extension to file his Rule 1925(b) statement. By order entered November 13, 2019, the PCRA court denied Appellant's request. On November 26, 2019, the court issued an order finding Appellant's failure to file and serve a Rule 1925(b) statement resulted in waiver of all issues on appeal. Order, 11/16/19.

Appellant filed a brief with this Court, alleging the PCRA court "erred in permitting PCRA counsel to withdraw before counsel provided the required investigation of appellant's claims," and that the court erred "in its rationale

in ruling that appellant's claims lack merit." Appellant's Brief at 3.[1] Clearly, Appellant does not appreciate that his failure to file a Rule 1925(b) statement resulted in the waiver of all issues on appeal.

As our Supreme Court reiterated in **Commonwealth v. Hill**, 16 A.3d 484 (Pa. 2011), "In order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." *Id.* at 494 (quoting **Commonwealth v. Lord**, 719 A.3d 306, 309 (Pa. 1998) (alterations omitted)).

Because Appellant has not preserved any issues for review by this Court, we affirm the PCRA court's order of September 16, 2019, dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/09/2020

---

[1] Appellant has not challenged the trial court's denial of his request for an extension of time in which to file his 1925(b) statement.