J-S35015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BILL MARTIN MILINSKI | |
| Appellant | No. 2240 EDA 2014 |

Appeal from the Judgment of Sentence June 30, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001044-2013

BEFORE:  MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                     **FILED JUNE 05, 2015**

Appellant, Bill Martin Milinksi, appeals from the June 30, 2014, aggregate judgment of sentence of 42 to 84 months' imprisonment, imposed after he was found guilty of one count each of possession of a firearm prohibited, terroristic threats, and harassment.[1]   After careful review, we affirm.

Appellant raises two issues on appeal.  First, Appellant argues that the trial court erred when it denied his motion to suppress certain statements made by him to police without the benefit of his ***Miranda***[2] rights.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 2706(a)(1), and 2709(a)(4), respectively.

[2] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

Appellant's Brief at 9-11. In his second issue, Appellant avers that the trial court erred in not granting his pre-trial motion for *habeas corpus* relief. ***Id.*** at 11-14. Both of these claims were raised in Appellant's omnibus pre-trial motion, which the trial court disposed of on January 21, 2014. ***See generally*** Trial Court Opinion and Order, 1/21/14, at 1.

However, the trial court's order states that Appellant's omnibus pre-trial motion was dismissed as untimely pursuant to Pennsylvania Rule of Criminal Procedure 579(A). ***Id.*** at 12; ***see also*** Pa.R.Crim.P. 579(A) (stating, "omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown[]"). Appellant's brief only addresses the merits of the suppression and *habeas* motions, not the trial court's conclusion as to their untimeliness. ***See generally*** Appellant's Brief at 9-14. As Appellant does not argue the trial court erred in concluding his omnibus pre-trial motion was untimely, he is not entitled to relief.[3]

---

[3] We further note that our Supreme Court has held that after a defendant has been convicted, any issue concerning a trial court's denial of a pre-trial *habeas* motion is moot. ***Commonwealth v. Lee***, 662 A.2d 645, 650 (Pa. 1995).

In addition, even if we were to construe Appellant's *habeas* argument as one challenging the sufficiency of the evidence, Appellant did not raise a

*(Footnote Continued Next Page)*

- 2 -

Based on the foregoing, we conclude both of Appellant's issues on appeal are either waived or moot. Accordingly, the trial court's June 30, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2015

---

*(Footnote Continued)* ————————

sufficiency issue in his concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Therefore, such an argument would be waived. ***See generally Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011); Pa.R.A.P. 1925(b)(4)(vii).