J-A15023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID HARVEY | |
| Appellant | No. 1930 EDA 2014 |

Appeal from the Judgment of Sentence April 21, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0008033-2013

BEFORE:  BOWES, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                     **FILED JUNE 18, 2015**

Appellant, David Harvey, appeals from the April 21, 2014 judgment of sentence of 72 hours to six months of imprisonment, plus fines, imposed after the trial court found him guilty of driving under the influence (DUI)-schedule I controlled substance and DUI-metabolite.[1]  After careful review, we affirm.

The trial court provided the following summary of the factual background of this case.

> On September 23, 2013, at approximately 8:[03] p.m., Officer Eric Barrows responded to a hit

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(i) and 3802(d)(1)(iii), respectively.

and run accident on 207 Blue Ridge Drive in Bristol Township, Bucks County. The radio broadcast informed Officer Barrows that an individual involved in the accident had a knife. Two vehicles were involved in the accident. [Appellant] was driving his wife's vehicle at the time of the accident and had no passengers. Mr. Shellenberger was driving the other vehicle and had a female passenger. Mr. Shellenberger caused the accident and was in possession of the knife.

Officer Barrows smelled the marijuana when he arrived at the scene. When Officer Barrows spoke to [Appellant], he could smell marijuana emitting directly from him as they talked. No one else was standing near [Appellant] and Officer Barrows at that time. Officer Barrows also observed that [Appellant] had glassy eyes. Officer Barrows asked [Appellant] twice if he had marijuana on him and [Appellant] responded that he did not. [Appellant] was advised that he had to remain at the scene because the accident was a state police matter. Officer Barrows asked [Appellant] about marijuana a third time, warning him that the state police were on their way and that they would discover the marijuana if it existed. At that time, [Appellant] stated that he had smoked marijuana forty minutes ago and had a marijuana cigarette in the car. [Appellant] was patted down in the presence of another officer at that time.

At approximately 8:15 p.m., Pennsylvania State Trooper Rachael Jones arrived at the scene, and Officer Barrows relayed his interaction with [Appellant] to Trooper Jones. Another officer informed Trooper Jones that [Appellant] stated that there was a marijuana cigarette under his driver's seat floor mat. Upon speaking with [Appellant], Trooper Jones noticed that he had bloodshot eyes and that he was speaking slowly. [Appellant] was placed under arrest for [DUI]. The officers searched

[Appellant's] vehicle at that time [and recovered a marijuana cigarette and hashish.[2]]

Trial Court Opinion, 9/3/2014, at 1-2.

On December 30, 2013, the Commonwealth filed an information charging Appellant with the aforementioned offenses as well as DUI-impaired ability, possession of a small amount of marijuana for personal use, and use or possession with intent to use drug paraphernalia.[3]

On January 23, 2014, Appellant filed an omnibus pretrial motion seeking to suppress statements made to law enforcement, any evidence obtained from his person and vehicle, and the results of the chemical test performed on Appellant following his arrest. Appellant's Omnibus Pretrial Motion, 1/23/14, at 1-3.[4] Appellant also sought additional discovery in said motion. *Id.* at 3. Appellant filed a supplemental motion on February 28, 2014, again seeking suppression of the evidence obtained from his person and vehicle and additional discovery. Appellant's Supplemental Omnibus Pretrial Motion, 2/28/14, at 1-3. Appellant also filed a motion *in limine* to exclude the testimony of law enforcement officials based on Trooper Jones' failure to preserve a motor vehicle recording. Appellant's Motion *In Limine*,

---

[2] N.T., 4/21/14, at 8.

[3] 75 Pa.C.S.A § 3802(d)(2), 35 P.S. §§ 780-113(a)(31) and 780-113(a)(32), respectively.

[4] Appellant's pretrial motions do not contain pagination. For ease of reference, we have assigned each page a corresponding page number.

3/25/14, at 1-3. The trial court held a hearing on Appellant's motions on April 16, 2014; at which time, the trial court denied Appellant's motion *in limine*. N.T., 4/16/14, at 36. At the conclusion of testimony and argument, the trial court deferred its ruling pending counsel's proposed findings of fact. The trial court reconvened on April 21, 2014 and granted Appellant's motion to suppress with respect to all statements made by Appellant and the evidence obtained from Appellant's car. N.T., 4/21/14, at 9. The trial court concluded, however, that the Commonwealth had probable cause to arrest Appellant for DUI. *Id.* The Commonwealth *nolle prossed* DUI-impaired ability, the possession of marijuana, and the paraphernalia charges, and Appellant proceeded to a stipulated-bench trial on DUI-schedule I controlled substance and DUI-metabolite. *Id.* at 10-13. The Commonwealth introduced the laboratory results from Appellant's blood test following his arrest, which "revealed 5 nanograms of Delta-9 THC, which would be the active compound, and 8 nanograms of a metabolite Delta-9 carboxy THC." *Id.* at 14. The trial court found Appellant guilty of DUI-schedule I controlled substance and DUI-metabolite and proceeded immediately to sentencing. On April 30, 2014, Appellant filed a timely post-trial motion, which the trial court denied on June 18, 2014. On July 11, 2014, Appellant filed a timely notice of appeal.[5]

---

[5] Appellant and the trial court have complied with Pennsylvania Rule of
*(Footnote Continued Next Page)*

On appeal, Appellant raises the following issue for our review.

> Whether the denial of Appellant's [m]otion to [s]uppress [e]vidence based upon a failure to establish probable cause for his arrest was proper[?]

Appellant's Brief at 4.

When reviewing a challenge to a trial court's denial of a suppression motion, we adhere to the following well-established standard of review.

> We may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. An appellate court, of course, is not bound by the suppression court's conclusions of law.

***Commonwealth v. Gary***, 91 A.3d 102, 106 (Pa. 2014) (citation omitted).

Appellant's sole argument on appeal challenges the trial court's determination that probable cause existed for his arrest.[6]  Appellant's Brief

*(Footnote Continued)* ———————————

Appellate Procedure 1925.

[6] We note Appellant argues that probable cause for his arrest for DUI-metabolite is lacking when "blood shot eyes" and "slow speech" are removed from the analysis.  Appellant's Brief at 14.  He argues such factors should be excluded because "[t]hese observations are directly contrary to [the testimony] of Officer Barrows…" ***Id.*** at 17.  However, Appellant never identified the trial court's credibility determinations or findings of fact in his Rule 1925(b) statement as claims of error; as such, any such challenges are waived on appeal. ***See Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (holding Rule 1925(b) is a bright-line rule, and any issue not included in the 1925(b) statement are waived on appeal); ***accord*** Pa.R.A.P. 1925(b)(4)(vii).

at 14. "Both the United States and Pennsylvania Constitutions protect citizens against unreasonable searches and seizures. U.S. Const. amend. IV; Pa. Const. art. I, § 8. To be constitutionally valid, an arrest must be based on probable cause." *Commonwealth v. Smith*, 979 A.2d 913, 916 (Pa. Super. 2009) (citation omitted), *appeal denied*, 993 A.2d 901 (Pa. 2010).

> Probable cause exists where the facts and circumstances within the knowledge of the officer are based upon reasonably trustworthy information and are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. In determining whether probable cause exists, we apply a totality of the circumstances test.

*Commonwealth v. Delvalle*, 74 A.3d 1081, 1085 (Pa. Super. 2013) (internal quotation marks and citations omitted). "The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require *only a probability,* and not a prima facie showing, of criminal activity." *Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009) (internal quotation marks and citations omitted, emphasis in original).

Appellant argues, "probable cause to arrest was not established for driving under the impaired influence of marijuana, which was the basis for Trooper Jones' arrest." Appellant's Brief at 14. He further argues, "probable cause did not exist for either impairment or metabolite." *Id.* Appellant supports his argument with the following reasoning.

Trooper Jones stated [] Appellant did not cause the accident and no evidence existed that he drove unsafely. Field Sobriety tests were not requested. The [trial] court did not hear any evidence of rapid eye movement, trembling eyelids, sweating, nervousness, fleeing the scene, erratic driving by Appellant, or any other indicia of potential impairment. Importantly, the trial court also did not make a finding of fact that [] Appellant had slurred speech; only that he was speaking slowly.

Appellant's Brief at 15 (citations omitted). For the reasons that follow, we disagree.

In this case, the trial court made the following findings of fact at the conclusion of the suppression hearing.

[F]irst, Officer Barrows is a Bristol Township police officer and has been a police officer for seven years.

Next, on September 23[, 2013,] Officer Barrows responded to what was broadcast [sic] as a subject with a knife at approximately 8:03 [p.m.] in the area of 207 Blue Ridge Drive, Bristol Township, Bucks County.

Next, the officer later learned that there was also a hit and run crash.

Next, Officer Barrows was in full uniform.

Next, while on scene Officer Barrows detected an odor of marijuana and at first was not sure as to the source of the marijuana.

Next, Officer Barrows has training and experience in identifying the odor of marijuana.

Next [], after securing the individuals, Officer Barrows spoke to [Appellant] and noted an odor of marijuana emitting from him. Officer Barrows also

noted that [Appellant] had glassy eyes. … Officer Barrows asked [Appellant] if he had marijuana on him, and he replied no.

Next, the officer asked [Appellant] a second time about having marijuana, and he again denied having marijuana.

Next, [Appellant] was told he needed to remain at the scene because it was a state police case.

Next, Officer Barrows told [Appellant] that the police were on their way … and that they would find the marijuana and it was better for him to admit it. [Appellant] was not read his rights pursuant to Miranda.[7]

During this third conversation[,] [Appellant] was patted down. During this third questioning regarding the marijuana[,] another uniformed officer was also present. [Appellant] responded that he had smoked marijuana 40 minutes ago and had a cigarette in the car.

Next, Officer Barrows … gave Trooper Jones information about everything that he had observed and heard from [Appellant].

Trooper Jones is a Pennsylvania State Trooper and has been so employed for approximately two and a half to three years.

Next, Trooper Jones has had contact with individuals … who have used marijuana and has observed them to have bloodshot eyes, slow and slurred speech, unsteady gait and shaking.

Next, Trooper Jones has also had experience with identifying the smell of marijuana.

---

[7] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

Next, on September 23[, 2014,] Trooper Jones received a call about a hit and run crash at 8:03 p.m. and she responded at 8:15. Trooper Jones' car was the fifth car to arrive at the scene.

Two other individuals were under investigation at the scene for charges related to possession of heroine [sic], hit and run, and for brandishing a knife.

Next, when Trooper Jones arrived at the scene she observed two individuals in custody and [Appellant] on the scene out of custody.

Next, Officer Barrows told Trooper Jones what he had observed, smelled and heard.

Next, when [Trooper Jones] came into contact with [Appellant], she observed bloodshot eyes and that he was speaking slowly.

Next, … Trooper Jones also smelled the odor of marijuana coming from [Appellant].

Next, she spoke to [Appellant] about the hit and run crash.

Another officer told Trooper Jones that [Appellant] stated that a marijuana cigarette was under the driver's side floor board. [Appellant] did not consent to the search of the vehicle he was driving. [Appellant's] wife was the owner of the vehicle.

…

… [Appellant] was placed under arrest for driving under the influence.

During the search of the vehicle[,] the officers found a substance in addition to the cigarette[,] and [Appellant] identified the substance saying it was hashish.

N.T., 4/21/2014, at 3-9. Based on these findings of fact, the trial court concluded that probable cause existed to arrest Appellant for DUI. *Id.* at 9. The trial court also granted Appellant relief in the form of suppressing his statements and the fruits of the inventory search of his vehicle.[8] *Id.*

The trial court specifically found that when Trooper Jones, the arresting officer, encountered Appellant, Appellant was speaking slowly, had bloodshot eyes, and emitted an odor of marijuana. N.T., 4/21/14, at 7. Trooper Jones was experienced in identifying the aroma of marijuana and had observed similar symptoms as the ones exhibited by Appellant in others who have used marijuana. *Id.* at 6-7. Further, there is no dispute that Appellant was operating a vehicle prior to the police encounter that resulted in his arrest. *See id.* at 14. Therefore, we conclude the record supports the trial court's factual findings. *See Gary*, *supra*; *see also* N.T., 4/16/14, at 59-62. The trial court articulated its reasoning for its conclusion of law, in light of the facts of this case, in its Rule 1925(a) opinion as follows.

> [M]arijuana is a Schedule I controlled substance; therefore [Appellant] was prohibited from operating a vehicle with any amount of marijuana in his system. In light of this standard, Officer Barrows' and Trooper Jones' observations were more than enough to establish that [Appellant] was operating a vehicle with marijuana in his system.

---

[8] The Commonwealth did not file an interlocutory appeal from the trial court's partial grant of Appellant's suppression motion with this Court pursuant to Pennsylvania Rule of Appellate Procedure 311(d).

> Accordingly, based on the totality of the circumstances, Officer Barrows and Trooper Jones had enough information for a reasonably prudent person to believe that [Appellant] was driving under the influence of marijuana and had a metabolite in his system.

Trial Court Opinion, 9/3/2014, at 5.

Under the totality of the circumstances, we conclude the facts and circumstances within the knowledge of Trooper Jones, *i.e.*, her first-hand observations of Appellant and detection of marijuana odor, without consideration of Appellant's statements or the fruits of the search of the vehicle, were sufficient to establish probable cause that Appellant was driving under the influence of marijuana.[9] **See Delvalle**, **supra**. Appellant attempts to discount Trooper Jones' determination of probable cause by enumerating several factors that would support probable cause that were not observed in the instant case; however, a finding of probable cause does not require certainty but merely a **probability** of criminal activity. **See**

---

[9] Appellant suggests that the trial court erred in denying his motion to suppress because it found there was probable cause to arrest for DUI-metabolite but did not specifically find there was probable cause to arrest for DUI-impaired ability. **See** Appellant's Brief at 14 (suggesting "it is improper to allow an arrest by law enforcement for suspicion of impairment when the trial judge only found probable cause to arrest based on metabolite[]"). However, the record does not suggest that the sole reason for Appellant's arrest was DUI-impaired ability. As noted, Appellant was arrested and charged with, *inter alia*, both DUI-impaired ability and DUI-metabolite. Trooper Jones testified Appellant was arrested for smoking marijuana and operating his vehicle. N.T., 4/16/14, at 66. Therefore, we conclude this argument is without merit.

- 11 -

***Thompson***, ***supra***.   The observations by Trooper Jones were sufficient to demonstrate a probability that Appellant was operating his vehicle under the influence of marijuana.   ***See id.***   Therefore, his issue is without merit.

Based on the foregoing, we conclude Appellant's sole issue on appeal does not entitle him to relief.   Accordingly, we affirm the April 21, 2014 judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/18/2015