J-S68003-15

2015 PA Super 261

COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF
PENNSYLVANIA

Appellee

v.

ANTHONY EDWARD OLIVER

Appellant | No. 629 EDA 2014

Appeal from the PCRA Order February 7, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005530-2011

BEFORE: BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

CONCURRING STATEMENT BY MUNDY, J.: **FILED DECEMBER 14, 2015**

Although I agree with the learned Majority that the PCRA courts' order must be affirmed, I reach this conclusion for different reasons. In my view, Appellant waived all issues on appeal by failing to file, as ordered, a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Therefore, I respectfully concur in the result.

Our Supreme Court has held that Rule 1925(b) is a bright line rule. ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011). The ***Hill*** Court was clear that this Court "lack[s] the authority to countenance deviations from the Rule's terms [and] the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement[.]" ***Id.*** In my respectful view, the Majority's declining to apply ***Hill***'s bright-line rule to this case represents an

*ad hoc* exception to the Rule's requirements. I also disagree with the Majority's conclusion that "[h]ad Appellant's counsel been solely responsible for the failure to file a Rule 1925(b) statement on Appellant's behalf, Appellant would have been entitled to a remand for the filing of a Rule 1925(b) statement under Rule 1925(c)(3)[.]" Majority Opinion at 5. The **Hill** Court rejected the attempt to apply Rule 1925(c)(3) in the PCRA context. Our Supreme Court noted the remand procedure in Rule 1925(c)(3) speaks of ineffective assistance of counsel in a "criminal case." Pa.R.A.P. 1925(c)(3). Therefore, because "the PCRA is civil in nature[,]" it concluded that Rule 1925(c)(3) did not apply. **Hill**, **supra** at 495 n.14.

In this case, it is undisputed that Appellant did not file a Rule 1925(b) statement, nor did he apply for an extension of time to file the same once the PCRA court permitted Attorney Carluccio to withdraw as counsel. **See generally** Majority Opinion at 4-5; Pa.R.A.P. 1925(b)(2) (stating, "[u]pon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed[]"). In my view, our Supreme Court's interpretation of Rule 1925 requires the conclusion, although harsh, that Appellant has waived all issues on appeal for failure to take any steps to comply with Rule 1925(b).

Based on the foregoing, I conclude that Appellant waived all issues on appeal for want of compliance with **Hill** and Rule 1925(b). Accordingly, I

would affirm the PCRA court's order on that basis. I therefore respectfully concur in the result only.