J-A30002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| GREGORY MORAN | |
| Appellant | No. 657 MDA 2016 |

Appeal from the Judgment of Sentence April 12, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003193-2014

BEFORE: BOWES, OLSON AND STABILE, JJ.

MEMORANDUM BY BOWES, J.: **FILED FEBRUARY 08, 2017**

Gregory Moran appeals from his judgment of sentence of forty-eight days to eighteen months incarceration with credit for forty-eight days served, after he was found to be in violation of the terms of a probationary sentence. We affirm.

The pertinent facts are as follows. On May 16, 2014, Appellant arrived at his ex-wife's residence in Berks County to pick up the couple's three children. A dispute arose between the two, and Appellant subsequently caused $1,300 damage to his ex-wife's front door. As a result, Appellant was charged with criminal trespass, criminal mischief, and harassment. On February 13, 2015, Appellant entered an open guilty plea to criminal

mischief and was sentenced to one year of probation plus restitution for the broken door.

Thereafter, Appellant did not comply with the terms of his probation. On December 14, 2015, the court held a *Gagnon I* hearing wherein the probation officer introduced evidence that Appellant was in violation of four of the rules of probation, including failure to pay restitution, possession and/or use of drugs, failure to participate in treatment, and failure to comply with chemical testing. As a result, a *Gagnon II* hearing was scheduled. Therein, Appellant admitted to the violations and his probation was revoked. The court sentenced Appellant to one year of probation, community service, costs, and restitution. The court also granted Appellant's counsel leave to withdraw.

Appellant again violated the terms of his probation. A second *Gagnon I* hearing was held on March 7, 2016, at which Appellant's probation officer offered evidence that Appellant had failed to pay fines and costs, possessed and/or used drugs, failed to participate in treatment, and failed to comply with chemical testing. A *Gagnon II* hearing was scheduled on April 12, 2016. At that hearing the court determined that Appellant had failed multiple drug tests while under supervision and refused a drug test while incarcerated. The court sentenced Appellant to forty-eight days to eighteen months imprisonment with credit for forty-eight days served.

Appellant filed a timely notice of appeal. However, he did not comply with the court's directive to file a Rule 1925(b) statement of matters complained of on appeal or secure a transcript of the relevant proceedings. When this matter was initially before this Court, we remanded for a ***Grazier*** hearing to determine whether Appellant wished to proceed *pro se*. That hearing was held on May 25, 2016, and the court determined Appellant had voluntarily, knowingly, and intelligently waived his right to counsel and permitted him to pursue his appeal *pro se*. This matter is now ready for our review.

Appellant has not provided us with a statement of the questions involved as required by Pa.R.A.P. 2111(a)(3). Nevertheless, before we proceed to the merits of this appeal, insofar as we can glean them from Appellant's brief, we must determine whether he has properly preserved these issues for review.

In order to preserve a claim for appellate review, an appellant must comply with a trial court's order to file and serve a Rule 1925(b) statement of matters complained of on appeal. ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011). Any issues not raised in a Rule 1925(b) statement will be deemed waived. ***Id***. Upon review of the record, Appellant was ordered to file a Rule 1925(b) statement on April 29, 2016 and service thereof was

provided on May 2, 2016, at his home address.[1]   As a result of Appellant's

failure to file a Rule 1925(b) statement as ordered by the court, he has

waived all his issues on appeal.   Moreover, Appellant never requested the

notes of testimony for any proceeding relevant to his appeal, and his brief

substantially departs from the requirements of the rules of appellate

procedure.   Appellant's bevy of errors in bringing this appeal before the

Court has stymied any possibility of meaningful review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/8/2017

---

[1] The certified mail receipt within the certified record indicates that Appellant was served notice of the court's order to file a Rule 1925(b) statement at 2:14 p.m. on May 2, 2016.  The name and address listed on the receipt is correct in all regards, except that Appellant's zip-code is recorded as 19611 as opposed to 19602.  An erroneous zip-code would not preclude Appellant from receiving the court's order.  Furthermore, the address sheet attached to the server's proof of service accurately states Appellant's address.