J-A19023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT STROUP, KAREN STROUP, | : | |
| AND MIKE JOHANNES, | : | |
| | : | No. 7 EDA 2017 |
| Appellants | : | |

Appeal from the Order December 5, 2016
In the Court of Common Pleas of Carbon County
Civil Division at No(s):  No- 13-0084

BEFORE: BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED July 3, 2017**

Appellants, defendants below, appeal *pro se* from the December 5, 2016 Order denying their "Motion to Set Aside Sheriffs Sale and for Equitable Relief In Rem" in this mortgage foreclosure action.  We dismiss this appeal.

The underlying facts are not relevant to our disposition.  On December 21, 2016, Appellants timely appealed the court's denial of their "Motion to Set Aside Sheriffs Sale and for Equitable Relief In Rem."  On December 22, 2016, the trial court entered an Order directing Appellants to file a Pa.R.A.P. 1925(b) Statement within 21 days.  The trial court docket indicates that it mailed Appellant a copy of the order the same day.  Appellants were, thus, required to file their Rule 1925(b) Statement on or before January 12, 2017.  Appellants failed to comply with this directive, instead filing their Rule 1925(b) Statement on January 17, 2017.

By its plain text, Rule 1925(b) requires every "[a]ppellant [to] file of record [a Rule 1925(b)] Statement and concurrently [] serve the judge" when directed to do so. Pa.R.A.P. 1925(b)(1). The Rule also states "that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived." *Id.* at 1925(b)(3)(iv). Our Supreme Court has held that Rule 1925(b) is a bright-line rule. *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011).

As noted above, the trial court's order required that Appellants file their Rule 1925(b) Statement no later than January 12, 2017. Appellants filed their statement on January 17, 2017. As Appellants filed their Rule 1925(b) Statement five days late, following our Supreme Court's instructions in *Hill*, we deem all of Appellants' issues on appeal waived. *See id.*

Even if Appellants' Rule 1925(b) Statement was timely filed, we would still be constrained to dismiss this appeal as Appellants' Brief to this Court is substantially defective. Appellants purport to raise eight issues on appeal, none of which actually relate to the substance of the Order on appeal, and none of which Appellants support with citation to the record or relevant authority. *See* Pa.R.A.P. 2119; *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." (citations omitted)); *Harkins v. Calumet Realty Co.*,

614 A.2d 699, 703 (Pa. Super. 1992) (explaining that issues not developed in the argument section of a brief are waived).

Appeal dismissed. Case stricken from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/2017