J-S38022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRANCE SAMPSON, | |
| Appellant | No. 3499 EDA 2015 |

Appeal from the Judgment of Sentence November 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008850-2014

BEFORE: GANTMAN, P.J., SHOGAN and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY SHOGAN, J.:                    **FILED JULY 20, 2017**

Appellant, Terrance Sampson, appeals from the November 9, 2015 judgment of sentence imposed following his conviction of simple assault. We remand this case to the Philadelphia Court of Common Pleas.

At a bench trial on July 1, 2015, the trial court found Appellant guilty of fleeing or attempting to elude an officer, 75 Pa.C.S. § 3733, docketed at CP-51-CR-0008849-2014, and simple assault, 18 Pa.C.S. § 2701(a), docketed at CP-51-CR-0008850-2014, in connection with a traffic stop in Philadelphia. The trial court sentenced Appellant on November 9, 2015, to one to two years of imprisonment for the fleeing conviction followed by six to twelve months of imprisonment for simple assault. Appellant filed a

---

[*] Former Justice specially assigned to the Superior Court.

notice of appeal from the judgment of sentence for simple assault at docket CP-51-CR-0008850-2014 on November 9, 2015. He did not appeal the fleeing conviction at CP-51-CR-0008849-2014.[1]

On November 20, 2015, the trial court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant failed to file a Rule 1925(b) statement.[2] Nonetheless, on May 4, 2016, the trial court issued an opinion "for purposes of completeness," holding that Appellant's claims were waived, but alternatively concluding that the Commonwealth had presented sufficient evidence to support Appellant's simple-assault conviction.

"Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered. . . ." ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011). Rule 1925(c)(3) provides "a procedure for appellate courts to rectify a criminal appellant's failure to file a Rule 1925(b) statement":

> If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall

_____

[1] Counsel asserts he "accidentally" did not file a notice of appeal. Appellant's Brief at 6. That case is not before us.

[2] While defense counsel avers he never received the order, Appellant's Brief at 7, both the proof of service attached to the order and the docket confirm that the November 20, 2015 order was sent to defense counsel by first class mail on November 20, 2015. There is no assertion that the address was incorrect.

remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

Our review of the record reveals that Appellant's counsel was *per se* ineffective. While the trial court, after concluding that all issues were waived, filed an opinion "for purposes of completeness" examining the sufficiency of the evidence for simple assault, Trial Court Opinion, 5/4/16, at 4, Rule 1925(c)(3) does not allow for the trial court to "guess" at what might have been raised as an issue.

Pursuant to Rule 1925(c)(3), we remand for Appellant to file a Rule 1925(b) statement *nunc pro tunc* within twenty-one days of the trial court's receipt of the record from the Superior Court Prothonotary. The trial court shall then prepare and file a Pa.R.A.P. 1925(a) opinion within forty-five days of the filing of the Rule 1925(b) statement. After the trial court's certification of its decision and the record is returned to this Court, the Superior Court Prothonotary is directed to establish a new briefing schedule for the parties, followed by assignment to the next available submit panel.

Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2017