J-A30022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| WILLIAM JAMES ACKERMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MERCY BEHAVIORAL HEALTH | |
| Appellant | No. 753 WDA 2017 |

Appeal from the Order entered May 15, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No: AR 17-1650

BEFORE: BOWES, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY STABILE, J.: **FILED NOVEMBER 22, 2017**

Appellant, William James Ackerman, *pro se* appeals from the May 15, 2017 order of the Court of Common Pleas of Allegheny County, dismissing his complaint pursuant to Pa.R.C.P. No. 233.1. Upon review, we affirm.

Briefly, following a hearing on Appellee's motion, the trial court dismissed the complaint pursuant to Rule 233.1 and barred Appellant from filing any future actions against Appellee in Allegheny County without leave of court.

Appellant timely appealed. On June 2, 2017, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within 30 days. Appellant failed to comply. Accordingly, on August 1, 2017, the trial court entered an order noting that "any issue that [Appellant] may have taken with [the May

15, 2017 order] appears to have been waived." Trial Court Order, 8/1/17 at 1.

On appeal, Appellee advances two important reasons why the instant appeal fails. First, Appellee notes that Appellant failed to file a Rule 1925(b) statement. Second, Appellee notes that Appellant's brief fails to conform in any meaningful manner with our rules of appellate procedure. We agree on both counts, but base our disposition here on Appellant's failure to file a Rule 1925(b) statement.

In **Commonwealth v. Hill**, 16 A.3d 484 (Pa. 2011), our Supreme Court explained:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*.

**Id.** at 494.

Accordingly, we conclude that Appellant has waived all issues in his appeal because he failed to file a Rule 1925(b) statement, as ordered by the trial court.

Order affirmed. Case stricken from argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/22/2017