J-S82028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
LYDELL JOHNSON :
:
Appellant : No. 1849 EDA 2017

Appeal from the Judgment of Sentence June 19, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001125-2012

BEFORE: LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.: **FILED JANUARY 18, 2019**

Appellant, Lydell Johnson, appeals from the judgment of sentence entered on June 19, 2014, as made final by the denial of his post-sentence motion on July 31, 2014. We affirm.

On September 28, 2011, Appellant and his friend, Aaron Devine ("Devine"), lost a fight on the streets of Philadelphia. Appellant and Devine retrieved firearms from a residence and returned to the scene of the fight where they opened fire. One shot struck a bystander. Devine fired additional shots while fleeing and one shot struck a different individual.

_____
* Retired Senior Judge assigned to the Superior Court.

On April 23, 2014, Appellant was convicted of two counts of aggravated assault,[1] two counts of recklessly endangering another person,[2] carrying a firearm without a license,[3] possession of a firearm by a prohibited person,[4] carrying a firearm on the streets of Philadelphia,[5] possessing an instrument of crime,[6] and conspiracy to commit aggravated assault.[7] On June 19, 2014, the trial court sentenced him to an aggregate term of 23 to 46 years' imprisonment. On June 27, 2014, Appellant filed a post-sentence motion. On July 31, 2014, the trial court denied that motion.

On April 7, 2015, Appellant filed a petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, seeking reinstatement of his direct appeal rights *nunc pro tunc*. On May 8, 2017, the PCRA court granted the petition and reinstated Appellant's direct appeal rights *nunc pro tunc*.[8] This appeal followed.

---

[1] 18 Pa.C.S.A. § 2702(a).

[2] 18 Pa.C.S.A. § 2705.

[3] 18 Pa.C.S.A. § 6106(a)(1).

[4] 18 Pa.C.S.A. § 6105(a)(1).

[5] 18 Pa.C.S.A. § 6108.

[6] 18 Pa.C.S.A. § 907(a).

[7] 18 Pa.C.S.A. §§ 903, 2702.

[8] We note the excessive 25-month delay between the filing of Appellant's PCRA petition and the reinstatement of his direct appeal rights *nunc pro tunc*.

Appellant presents one issue for our review:

Is [Appellant] entitled to an [a]rrest of [j]udgment on all charges where the evidence is insufficient to sustain the verdict and where the evidence did not prove that [Appellant] was a perpetrator of the crime or a conspirator to the crime?

Appellant's Brief at 3.

We review a challenge to the sufficiency of the evidence *de novo* and our scope of review is plenary. ***In the Interest of J.B.***, 189 A.3d 390, 414 n.24 (Pa. 2018) (citation omitted). In assessing Appellant's sufficiency challenge, we must determine "whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Cramer***, 195 A.3d 594, 601 (Pa. Super. 2018) (cleaned up). The evidence "need not preclude every possibility of innocence. . . . The finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence." ***Commonwealth v. Thomas***, 194 A.3d 159, 166 (Pa. Super. 2018) (cleaned up).

Contrary to Appellant's argument, he was not convicted because he was in the vicinity on the crime. Similarly, Appellant was not convicted because he was wearing black clothes and the shooter was wearing black clothes. Instead, there was overwhelming eyewitness evidence that Appellant was the shooter.

At trial, Roger Bender ("Bender") testified that he witnessed the shooting in question. N.T., 4/15/14, at 70-71. Bender testified that he was standing approximately one-third of a city block from the shooting and that nothing was blocking his view of the shooting. *Id.* at 70. When asked who the shooter was, he responded that it was Appellant. *Id.* at 71. Bender then explained that he saw the firearm in Appellant's hands and he saw Appellant firing the shots. *Id.* at 71-72.

Sandra Delusant ("Delusant") also testified at trial. She testified that she saw Appellant fire the shots in question. *Id.* at 122. She testified that she was certain that Appellant was the shooter because she had seen him daily for the past year. *Id.* Delusant also explained that she saw Appellant holding the firearm on the same side of the street on which she was standing and she witnessed him fire that weapon. *Id.* at 123.

Appellant argues that Bender's and Delusant's testimony was so unreliable as to constitute insufficient evidence to convict him. First, we note that an argument that testimony is unreliable and not to be believed goes to the weight of the evidence and not its sufficiency. *Commonwealth v. Gibbs*, 981 A.2d 274, 281-282 (Pa. Super. 2009), *appeal denied*, 981 A.2d 274 (Pa. 2010). Appellant failed to raise a claim in his 1925(b) statement challenging the weight of the evidence. Thus, this claim is waived. *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (issues not raised in a Rule 1925(b) statement are deemed waived). Moreover, even if we consider whether the

eyewitnesses' testimony was sufficient to convict Appellant, we conclude that it is. As detailed above, Bender and Delusant both had unobstructed views of Appellant firing the shots in question. They were both confident that Appellant was the shooter. Delusant was familiar with Appellant because she had seen him every day for the past year. Hence, we conclude that Bender's and Delusant's eyewitness testimony was sufficient to establish that Appellant was the shooter.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/18/19</u>