# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In the Matter of Proceedings by
the Redevelopment Authority of
the City of Erie for the
Condemnation of Property
Commonly Known as:
405-407 East 7th Street, Erie,
Pennsylvania

:
:
:
:  No. 57 C.D. 2022
:
:
:
:

James M. Watford Jr.,
Owner(s) or Reputed Owner(s)

:
:
:

Appeal of: James M. Watford, Jr.       :       Submitted: May 7, 2024


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                        FILED:  June 4, 2024


James M. Watford, Jr. (Appellant) has filed a notice of appeal from an order of the Court of Common Pleas of Erie County (trial court) entered on December 20, 2021, overruling Appellant's Preliminary Objections to the Declaration of Taking filed by the Redevelopment Authority of the City of Erie (Redevelopment Authority).  Also before this Court for disposition is the Redevelopment Authority's "Motion to Dismiss Appellant's Appeal for Failure of Appellant to File the Required Concise Statement of [Errors] Complained of on Appeal" (Motion to Dismiss).  For the reasons that follow, we grant the Redevelopment Authority's Motion to Dismiss.

Appellant is the owner of property located at 405-407 East 7th Street in Erie, Pennsylvania. On June 30, 2021, the Redevelopment Authority issued a Declaration of Taking pursuant to the Urban Redevelopment Law[1] and the Eminent Domain Code.[2] Appellant, acting *pro se*, filed Preliminary Objections to the Declaration of Taking but failed to serve a copy on the Redevelopment Authority. Trial Court Opinion, 3/24/22 at 1.[3]

The Redevelopment Authority was unaware of Appellant's Preliminary Objections and proceeded to file a Petition to Establish Fair Market Value and Confirm Schedule of Payment of Just Compensation and Distribution of Damages (Petition to Establish Fair Market Value). At the hearing on the Petition to Establish Fair Market Value, the Redevelopment Authority and the trial court first became aware of Appellant's Preliminary Objections. Despite the improper service of the Preliminary Objections, the trial court decided to consider them and stayed the proceedings for 30 days for the Redevelopment Authority to reassess if it wished to move forward with the condemnation. The Redevelopment Authority then confirmed that it wished to proceed with the condemnation, and it responded to Appellant's Preliminary Objections. Trial Court Opinion at 1-2.

---

[1] Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. §§ 1701-1719.2.

[2] 26 Pa.C.S. §§ 101-1106.

[3] The trial court's opinion is found on pages 241-46 of Appellant's "Supplemental Reproduced Record." It appears that Appellant filed a Reproduced Record prior to the issuance of a briefing schedule in this case and the Reproduced Record was not accepted by the Court. Appellant's "Supplemental Reproduced Record" was then filed at the same time Appellant filed his merits brief; thus, the "Supplemental Reproduced Record" is, in actuality, Appellant's Reproduced Record. We note that the Reproduced Record is not properly numbered as directed in Pa.R.A.P. 2173 (reproduced record shall be numbered separately in Arabic figures followed by a small "a"). We will nevertheless refer to the page numbers as they have been set forth by Appellant.

The trial court scheduled oral argument and an evidentiary hearing on the Preliminary Objections. Appellant was represented by counsel at the proceedings. Ultimately, the trial court overruled Appellant's Preliminary Objections by order dated December 20, 2021. Trial Court Opinion at 2-3.

Appellant filed a timely notice of appeal from the December 20, 2021 order. On January 20, 2022, the trial court entered an order directing Appellant to file a Concise Statement of Errors Complained of on Appeal (Statement) pursuant to Pa.R.A.P. 1925(b). The order stated:

> **AND NOW**, to-wit this 20th day of January 2022, upon review of the Notice of Appeal Filed on January 18, 2022, it is hereby **ORDERED** that [Appellant] shall comply with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure and file of record **and** concurrently serve upon this Court a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) no later than **Thursday, February 10, 2022.** . . . Any issue not properly included in said Statement, timely filed and served pursuant to Pa.R.A.P. 1925(b), shall be deemed waived for purposes of appeal.

S.R.R. at 147 (emphasis in original).

On February 9, 2022, one day prior to the deadline for filing the Statement, Appellant's counsel filed a Motion to Withdraw as Counsel (Motion to Withdraw). S.R.R. at 161-62. By order entered on February 10, 2022, the trial court granted the Motion to Withdraw. *Id.* at 171. The order reflects that it was forwarded to both Appellant individually and to his former counsel. *Id.*

In a separate order also entered on February 10, 2022, and in light of counsel's withdrawal, the trial court extended the period of time for Appellant to file the Statement to February 24, 2022. The order stated:

3

> **AND NOW**, to-wit this 10th day of February, 2022, in light of the Motion to Withdraw as Counsel filed by counsel for Appellant, it is hereby **ORDERED** that [Appellant] shall have until **Thursday, February 24, 2022,** in which to comply with [R]ule 1925(b) of the Pennsylvania Rules of Appellate Procedure and file of record **and** concurrently serve upon this Court a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). . . . Any issue not properly included in said Statement, timely filed and served pursuant to Pa.R.A.P. 1925(b), shall be deemed waived for purposes of appeal.

S.R.R. at 172 (emphasis in original). The order similarly reflects that it was forwarded to both Appellant individually and to his former counsel. *Id.* at 173.

The February 24, 2022 deadline passed without Appellant filing the Statement. New counsel entered an appearance on behalf of Appellant on March 14, 2022. S.R.R. at 187. To date, the Statement has not been filed.

The trial court posits:

> First and foremost, [Appellant] has waived any issue he may have potentially had on appeal by failing to file a [Statement] pursuant to Pennsylvania Rule of Appellate Procedure 1925(b)(4)(vii) (stating '[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.'); *see also Jenkins v. Fayette County Tax Claim Bureau*, 176 A.[3]d 1038, 1041-43 (Pa. Cmwlth. 2018) (failure to file 1925(b) statement constituted waiver of all issues on appeal even where trial court addressed certain issues in its 1925(a) opinion). This fact alone resolves this appeal.

S.R.R. at 244.[4]

---

[4] The trial court opinion proceeds to address the merits of the case and provides an explanation for its order overruling Appellant's Preliminary Objections.

4

On April 13, 2022, this Court issued an order directing the parties to address in their principal briefs on the merits or in an appropriate motion whether Appellant had waived his issues on appeal. The Redevelopment Authority filed the Motion to Dismiss on April 28, 2022. On June 30, 2022, this Court entered an order directing that the Motion to Dismiss would be considered along with the merits of Appellant's appeal.[5]

We will first address the Redevelopment Authority's Motion to Dismiss. The Motion to Dismiss recites the facts and timeline set forth above and asks this Court to dismiss Appellant's appeal based on his failure to file a Statement by the February 24, 2022 deadline. *See* Pa.R.A.P. 1925(b)(4)(vii).

In response, Appellant agrees that a Statement was not filed as directed in the trial court's February 10, 2022 order. Appellant asserts that without the assistance of counsel, he was unable to file the Statement and notes that he did not retain counsel until after the deadline had expired. Citing Pa.R.A.P. 1925(c)(2),[6] Appellant asks this Court to remand this action to the trial court in order for him to file the Statement *nunc pro tunc.*

In *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011), the Pennsylvania Supreme Court discussed the failure to file a Rule 1925(b) statement succinctly stating:

> Our jurisprudence is clear and well[ ]settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line

---

[5] In an order dated February 20, 2024, we granted the Redevelopment Authority's "Motion to Expedite Consideration of Appeal and Motion to Dismiss" and the instant appeal was listed for expedited disposition.

[6] Pa.R.A.P. 1925(c)(2) states in pertinent part: "Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing or service *nunc pro tunc* of a Statement . . . ."

rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte,* and the Rule applies notwithstanding an appellee's request not to enforce it . . . .

Based on our review of the record, we conclude that the facts of this case do not support Appellant's request for a remand. It is apparent that Appellant, even in the absence of counsel, was duty bound to follow the "bright-line" directives of Rule 1925(b). Appellant's status as a *pro se* litigant does not excuse his failure to file the Statement and does not constitute "good cause" for a remand pursuant to Pa.R.A.P. 1925(c)(2). A litigant who chooses to proceed *pro se* does so at his or her own risk. *Beddis v. Unemployment Comp. Bd. of Rev.*, 6 A.3d 1053, 1060 (Pa. Cmwlth. 2010).

Accordingly, because Appellant has waived all appellate issues based on his failure to file the Statement as directed in the trial court's February 10, 2022 order, we are constrained to grant the Redevelopment Authority's Motion to Dismiss.[7]

                    _____

                    MATTHEW S. WOLF, Judge

---

[7] In light of our disposition of the Motion to Dismiss, we will not address the merits of Appellant's appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In the Matter of Proceedings by : 
the Redevelopment Authority of :
the City of Erie for the :
Condemnation of Property : No. 57 C.D. 2022
Commonly Known as: :
405-407 East 7th Street, Erie, :
Pennsylvania :
 :
James M. Watford Jr., :
Owner(s) or Reputed Owner(s) :
 :
Appeal of: James M. Watford, Jr. :

# **O R D E R**

AND NOW, this 4th day of June, 2024, upon consideration of the Redevelopment Authority of the City of Erie's "Motion to Dismiss Appellant's Appeal for Failure of Appellant to File the Required Concise Statement of [Errors] Complained of on Appeal" (Motion to Dismiss) and the response thereto, the Motion to Dismiss is GRANTED.

James M. Waterford, Jr.'s appeal is dismissed.

_____
MATTHEW S. WOLF, Judge